IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

EUGENE THOMAS,

      Plaintiff,

v.

TODD THOMAS, Warden; PEGGY
ANN COOPER, Assistant Warden;
Sgt. ACIE LOTT; STEPHEN E.
CURRY, Attorney; RICHARD MOORE,
Inmate; CYNTHIA WILLIAMSON,
DR Investigator, and JAMES DONALD,
Commissioner,

      Defendants.

CIVIL ACTION NO.: CV507-077

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Valdosta State Prison in Valdosta, Georgia, has filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while incarcerated at Hayes State Prison in Trion, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the

complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff's Complaint names Richard Moore, a fellow inmate, as a Defendant. To establish a claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured under the Constitution or federal law, and that such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir.1998). A private person is only viewed as a state actor under limited circumstances. Action is considered to be under color of state law if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly attributed to the State. Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S.

288, 295, 121 S. Ct. 924, 148 L.Ed.2d 807 (2001). Plaintiff has simply failed to allege any such nexus, and thus his claim against Moore must be dismissed. Furthermore, though Plaintiff names Acie Lott and Stephen Curry as Defendants, he fails to make any factual allegation that these individuals deprived him of a federal Constitutional or statutory right.

Accordingly, it is my **RECOMMENDATION** that Plaintiff's claims against Defendants Moore, Lott, and Curry be **DISMISSED**. Plaintiff's claims against Defendants Thomas and Cooper are addressed in an Order of even date.

**SO REPORTED** and **RECOMMENDED** this 26th day of November, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE